STOKER, Judge.
This case involves two consolidated expropriation suits resulting from the 1-49 highway construction in Natchitoches Parish. The State expropriated 36.618 acres from Lane Foshee’s 634.54-acre tract, splitting it into two separate tracts, 569.847 acres in the west remainder and 28.075 acres in the east remainder. The State expropriated 51.508 acres from Paul Fosh-ee’s 674.12-acre tract, splitting it into two separate tracts, 284.308 acres in the west remainder and 338.308 acres in the east remainder.
Prior to the 1-49 construction, the two original tracts were contiguous and both had access from Highway 6 West and the Lime-Kiln Road (an all-weather gravel parish road). The Lime-Kiln Road was intersected and partly destroyed by 1-49, and the remainder was removed from maintenance by the Natchitoches Parish Police Jury, resulting in a loss of public road access to Lane and Paul Foshees’ tracts. See Appendix I.
The State deposited $38,278 in the registry of the court in the Lane Foshee case and $60,008 in the Paul Foshee case. The two cases were tried on September 26, 1986. The trial court awarded to Lane Foshee $294,123.86 for property taken and *1285 severance damages, less a credit for the amount deposited by the State. The trial court awarded to Paul Foshee $388,290.65 for property taken and severance damages, less a credit for the amount deposited by the State. Expert witness fees and 25% attorney’s fees were awarded in both cases.
The State appeals these judgments, assigning as errors the following:
1. The trial court erred in awarding severance damages to Paul Foshee for loss of access to his west remainder after awarding to Lane Foshee, a contiguous landowner, a sum sufficient to provide an access road to his west remainder tract, where this road also provides access to Paul Foshee’s west remainder.
2. The trial court erred in awarding damages for loss of the quality of deer hunting on the remainder tracts.
ROAD COSTS: WEST REMAINDERS
The State contends the trial court erred in awarding to Paul Foshee severance damages for loss of access to his west remainder after awarding to Lane Foshee the cost of an access road to his west remainder inasmuch as this road will also provide access to Paul’s property. Testimonial evidence was received as to several access routes which would serve Lane Foshee’s west remainder tract as well as Paul Foshee’s west remainder tract. Based on this evidence the trial court concluded that it would be more economical to compensate Lane Foshee by making an award to him of the estimated cost of acquiring rights of way and building costs for an access road and adjusting his severance damages downward. No such award was made to Paul Foshee and his severance damages were fixed by the court on the basis that his western remainder was without access after the taking.
In its assignment of error directed to this point the State assumes that Lane Foshee will undertake to build the access road and the route selected will provide access to Paul Foshee’s west remainder tract. The State’s complaint is that Paul Foshee will enjoy the benefit of access through the road Lane Foshee will build, and, therefore Paul should not be compensated as though his western remainder will be without access. This argument is without merit.
The State’s argument is contingent not only on Lane Foshee’s willingness to undertake to acquire rights of way and build the road, but also on his success at the undertaking. Moreover, at least one projected route would not necessarily reach Paul Foshee’s property. It might also be questioned as to whether any road Lane might bring into existence would be a public road or be a route over which Paul would have any legal right to travel. In view of these contingencies we hold that Paul Foshee cannot be denied full compensation based on the situation immediately after the taking. LSA-R.S. 48:453(B) provides:
“B. The measure of damages, if any, to the defendant’s remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.” (Emphasis added)
Accordingly, we affirm the award of severance damages to Paul Foshee for lack of access to his west remainder.
TIMBER AND WILDLIFE MANAGEMENT PROBLEMS
Under the foregoing heading the trial court awarded damages to Lane Foshee of $16,394.04 and $23,062.13 to Paul Foshee. With respect to wildlife the trial court concluded that close proximity to 1-49 would lessen “the quality of hunting and other outdoor recreation.”
The measure of severance damages immediately before and after the taking is generally based on the market value of the property. “Market value” means the worth of the land considered in its best and highest use, this being the most favorable employment to which the property is adaptable and to which it may reasonably be put in the not too distant future. State, Dept. *1286 of Hwys. v. Rapier, 246 La. 150, 164 So.2d 280 (La.1964).
We note that, although the trial court did not make a determination as to the highest and best use of the remainder tracts, the experts agreed on (and based their estimates on) a highest and best use for all tracts as timber land. Therefore, awards for impairment of wildlife management are clear error, since the highest and best use of the remainder tracts is not recreational. These awards are disallowed.
The trial court also awarded damages for impairment of timber management, according to the testimony of Mr. Stevens, a forestry expert. However, the severance damages awarded for diminution in the market values of the tracts, according to the testimony of Mr. LaCaze, a real estate appraisal expert, and diminution in the market value of the timber, according to Mr. Prewitt and Mr. Morgan, forestry experts, reflected consideration of timber management problems. Therefore, the awards for impairment of timber management based on Mr. Stevens’ testimony are clearly duplicative and are disallowed.
Mr. Stevens also offered testimony as to loss of timber due to siltation caused by the expropriation. This award is affirmed, since it was not covered by the other experts’ estimates.
Therefore, the severance damage award for Lane Foshee is reduced by $16,394.04. The severance damage award for Paul Foshee is reduced by $23,062.13.
DECREE
For the reasons given above, the judgment of the trial court is reversed insofar as it awards damages to plaintiff, Lane Foshee, for timber and wildlife management. problems; accordingly, the judgment of the trial court is amended to award to Lane Foshee a total just compensation of $277,729.82, less a credit for the amount deposited by the State in the registry of court. The award of 25% attorney’s fees is accordingly reduced, also. The costs of this appeal are assessed to the defendant-appellee.
REVERSED IN PART; AFFIRMED AS AMENDED.
*1287 [[Image here]]